In re WESTERN LAND BANK, INC., also known as Mannix Investments, Inc., Acacia Investments, Inc., Port Kendall, Inc., The Garin Agency, Inc., The Garin Company, Interstate Holding Corporation, and IHI Corp., Debtor.

MANNIX INVESTMENTS, INC., Acacia Investments, Inc., The Garin Agency, Inc., The Garin Company, Interstate Holding Corporation, and IHI Corp., Movants,

v.

Gurnam SINGH, Respondent.

Bankruptcy No. LA 89–25735 KL.

United States Bankruptcy Court, C.D. California.

July 2, 1990.

George M. Bacon, Van Nuys, Cal., for movants.

Peter N. Hadiaris, San Francisco, Cal., for respondent.

### MEMORANDUM OF DECISION

KATHLEEN T. LAX, Bankruptcy Judge.

#### PROCEDURAL HISTORY

This action commenced with the filing of an involuntary petition for relief under Chapter 7 of the Bankruptcy Code on November 20, 1989 by Gurnam Singh (hereinafter, "Singh"). In the caption of the petition, Singh listed Western Land Bank Inc. as debtor and indicated that said corporation was also known as Mannix Investments, Inc., Acacia Investments, Inc., Port Kendall, Inc., The Garin Agency, Inc., The Garin Company, Interstate Holding Corporation, and IHI Corporation.[1]

Motions to dismiss the involuntary petition were filed on December 18, 1989, by Mannix Investments, Inc., Acacia Investments, Inc., The Garin Agency, Inc., The Garin Company, Interstate Holding Corporation, and IHI Corporation (hereinafter, "Movants"). Movants alleged in their motions that Singh "falsely and maliciously" claimed that they were the same "person" or entity as Western Land Bank. Movants requested dismissal of the entire petition.

The hearing date on these motions was set for January 24, 1990. Singh filed a response, but subsequently failed to appear at the hearing without excuse. Pursuant to Local Bankruptcy Rule 111(1)($l$), Singh's nonappearance at the hearing constituted consent to a ruling adverse to his position. As a result, this court rejected Singh's representation that Movants are the same entity as Western Land Bank.

Movants prevail and should be viewed as separate entities independent from Western Land Bank. Because Western Land Bank, alleged also to be known as Port Kendall, Inc., and Movants cannot be considered the same debtor and yet have been listed together in the caption of Singh's petition as a single debtor, this involuntary petition is joint in nature.

#### ISSUES PRESENTED

Two issues must be addressed. First, where separate entities are joined in a single involuntary petition, does this court have subject matter jurisdiction to adjudicate the case on its merits? Second, if the

---

1. Bankruptcy Rule 1005 directs the petitioning creditor(s) to "include all names used by the debtor which are known to petitioners."

answer to the first question is in the negative, what relief should the court order? Should the court dismiss the entire petition or cure the jurisdictional defect by dismissing only the Movants and allow the case to proceed against Western Land Bank/Port Kendall? [2]

DISCUSSION

### A. *Jurisdiction*

■ Bankruptcy courts are courts of limited jurisdiction capable of hearing matters only to the extent authorized by Congress.[3] The court finds that it lacks subject matter jurisdiction so long as Movants are joined as alleged debtors because the Bankruptcy Code does not authorize joint involuntary petitions.

The Ninth Circuit recently addressed the issue of subject matter jurisdiction under a joint involuntary petition in *Benny v. Chicago Title Ins. Co. (In re Benny)*, 842 F.2d 1147 (9th Cir.1988), *cert. denied*, 488 U.S. 1014, 109 S.Ct. 806, 102 L.Ed.2d 796 (1989). In *Benny*, creditors filed a joint involuntary petition against a husband and wife, whereupon the wife made a motion to dismiss for lack of subject matter jurisdiction. The court explicitly declined to dismiss the petition for want of jurisdiction, choosing instead to resolve the issues presented on

other grounds.[4] Nevertheless, the court's analysis clearly signals its conclusion that a bankruptcy court lacks subject matter jurisdiction to hear matters arising from a joint involuntary petition.[5] The court relied primarily on the fact that nothing in title 11 authorizes the commencement of a joint involuntary case.

■ The Ninth Circuit in *Benny* concluded that "[r]eading sections 302 and 303 together suggests that an involuntary joint petition is not contemplated under the Bankruptcy Code." *Benny* at 1149. An involuntary case may be brought under Chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 303 (1982 & Supp. IV 1986). Section 303(a) states that an involuntary petition may be filed *"only* against *a person ...* that may be a debtor."* 11 U.S.C. § 303(a) (emphasis added).[6] Section 303(a) refers throughout to the debtor in the singular and omits mention of joint cases. However, the involuntary petition before this court is not against a single debtor but is against various parties including Western Land Bank, alleged to be also known as Port Kendall, and Movants, joined in a single petition. Therefore, the joint involuntary petition filed by Singh is not authorized under Section 303.

---

**2.** By order entered on March 13, 1990, this court dismissed the Movants from the proceedings but reserved judgment on whether to dismiss the entire petition.

**3.** *See Federal Deposit Insurance Corp. v. Majestic Energy Corp. (In re Majestic Energy Corp.)*, 835 F.2d 87, 89 (5th Cir.1988) ("Bankruptcy Courts are courts of limited jurisdiction, with their scope defined by statute."); *Wisconsin Dep't of Industry, Labor and Human Relations v. Marine Bank Monroe (In re Kubly)*, 818 F.2d 643 (7th Cir.1987) ("Like other federal courts, a bankruptcy tribunal is one of limited jurisdiction. Its power must be conferred, and it may not be enlarged by the judiciary because the judge believes it wise to resolve the dispute.").

**4.** The court in *Benny* ultimately found that the bankruptcy court had subject matter jurisdiction because the Bennys voluntarily converted the joint involuntary petition to a case under Chapter 11. Because the Bennys could file a joint voluntary petition under Chapter 11, their conversion "supplied the missing element of vol-

untariness and cured the jurisdictional defect." *Benny* at 1149.

**5.** "The advisory committee's note to Bankruptcy Rule 1011 supports the conclusion that the bankruptcy court did not have subject matter jurisdiction over Alexandra Benny in the Chapter 7 proceedings. The note states that an objection on the ground that a debtor is not amenable to an involuntary petition goes to subject matter jurisdiction.... If matters had rested during the Chapter 7 phase of this case, the bankruptcy court would have been confronted with a jurisdictional defect." *Benny* at 1149. *See also In re Busick*, 719 F.2d 922, 926 n. 7 (7th Cir.1983) ("Were we to reach the issue, we might well be inclined, in the absence of persuasive authority to the contrary, to characterize the defect in the original joint involuntary petition as jurisdictional....").

**6.** "Debtor" is defended as a "person or municipality concerning which a case under this title has been commenced." 11 U.S.C. § 101(12). "Person" is defined as an individual, a partnership, or a corporation. 11 U.S.C. § 101(30).

■ Joint cases are governed by 11 U.S.C. § 302 (1982) which indicates that a joint case is commenced by the filing of "a single petition ... by an individual that may be a debtor ... and such individual's spouse." Joint cases are intended to be commenced voluntarily and only by persons who are husband and wife.[7] While this petition is joint in nature, it has not been filed voluntarily and it does not involve spouses. Therefore, this joint involuntary petition cannot proceed under the authority of section 302.

■ The Fifth Circuit also found that joint involuntary petitions are not authorized by the Bankruptcy Code. In *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 190 (5th Cir.1983), *cert. denied*, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984), which involved an involuntary petition against spouses, the court held that "the Bankruptcy Code makes no provision for joint involuntary cases." Likewise, in *In re Anderson*, 94 B.R. 153, 156 (Bankr.W.D.Mo.1988), the court observed: "In the case of more than one 'debtor' ... there is no provision in the Code for joint involuntary cases." *Collier* notes succinctly that "[j]oint involuntary cases may not be filed." 2 L. King, *Collier on Bankruptcy*, § 303.07[a] at 303–19 (15th ed. 1989). In short, the weight of authority supports the conclusion that the joint involuntary petition filed by Singh is not authorized under the Bankruptcy Code.

The burden of showing that the court has jurisdiction rests upon the party seeking to avail itself of the power of the court. In this case, Singh had the burden of establishing jurisdiction but failed to meet this burden. Accordingly, this court finds that it lacks jurisdiction over the subject matter and cannot hear the case so long as Movants are joined in the same petition with Western Land Bank, Inc./Port Kendall, Inc.

### B. *Remedy*

■ Presented with this jurisdictional defect, the crucial issue before the court is what relief should be granted. Movants seek dismissal of the petition in its entirety. Where there is an absence of subject matter jurisdiction, dismissal is an appropriate remedy. *See* Fed.R.Civ.P. 12(h)(3). An alternative remedy is to dismiss the separate entities whose presence creates the jurisdictional defect.

The alternative remedy involves analysis of the issue as a misjoinder of parties. "A misjoinder of parties may result from the operation of some substantive rule of law that bars the joinder of two particular parties in the same action." Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d, § 1683 at 466. As discussed earlier, the Bankruptcy Code does not authorize the commencement of joint involuntary cases. The joinder of parties in an involuntary petition is therefore barred. In this case, Movants have been misjoined in the petition.

Bankruptcy Rule 7021 governs the misjoinder of parties. Rule 7021 incorporates Federal Rule of Civil Procedure 21 (hereinafter, "Fed.R.Civ.P. 21") which states: "Misjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

■ However, Bankruptcy Rule 7021 makes Fed.R.Civ.P. 21 automatically applicable only to "adversary proceedings." Matters relating to involuntary bankruptcy petitions are treated not as adversary proceedings, but as contested matter proceedings under Bankruptcy Rule 1018. Bankruptcy Rule 1018 provides, in relevant part, that "[t]he following rules in Part VII apply to all proceedings relating to a contested involuntary petition ...: Rules 7005, 7008–7010, 7015, 7016, 7024–7026, 7028–7037, 7052, 7054, 7056, and 7062...."

---

7. *See* S.Rep. No. *989*, 95th Cong., 2d Sess. 32 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5818 ("A joint case is a voluntary case concerning a wife and husband.")

Rule 7021 is not among these rules.[8] However, Bankruptcy Rule 1018 expressly authorizes the court to use its discretion to "direct that other rules in Part VII shall also apply." *See* Bankruptcy Rule 1018.

 Therefore, pursuant to Bankruptcy Rule 1018, this court may apply Bankruptcy Rule 7021 to drop Movants from this proceeding. This would cure the jurisdictional defect and allow the petition to go forward against Western Land Bank/Port Kendall, Inc. Fed.R.Civ.P. 12(h)(3).

 The court concludes that the better course of action in the present case is to drop Movants from the petition. As a general proposition, this court agrees that "the court typically will seek to avoid dismissing the action by eliminating the party whose presence causes the jurisdictional defect...." Wright, Miller & Kane, *supra*, § 1684 at 453.[9] More specifically, *Collier* recommends that parties in Movant's position "should be dropped ... pursuant to Rule 7021 despite the fact that Rule 1018 does not specifically make Rule 7021 applicable to contested proceedings." *Collier on Bankruptcy, supra*, 303.15[10] at 303–81.

The only Circuit Court which has ruled on this matter decided to drop the misjoined party rather than dismiss the entire joint involuntary petition. *King v. Fidelity Nat'l Bank of Baton Rouge, supra*. The *King* court explained: "We think that [Col- lier's recommendation to drop the misjoined party] is the most sensible way to deal with a situation that is not dealt with in the rules simply because it ought never to arise." *Id.* at 190. One of the few published bankruptcy court decisions on this issue agreed with the *King* court and decided to sever the joint involuntary petition and drop the misjoined party rather than dismiss the petition in its entirety. *In re South Florida Title, Inc.*, 92 B.R. 548, 549 (Bankr.S.D.Fla.1988). The court agrees with the *King* and *South Florida* courts that dropping misjoined parties from a joint involuntary petition pursuant to Rule 7021 is the better treatment.[10]

Applying Rule 7021 to drop Movants from this petition simplifies matters and promotes the aim of a speedier determination of the issues. Dismissal of the petition would require Singh to file another petition against Western Land Bank and Port Kendall, who are alleged, without objection, to be a single entity. The parties then would be in the same substantive position as would exist if the court exercises its discretion now to drop the Movants from the petition. Therefore, dropping Movants expedites adjudication of the merits of the case. In addition, this remedy preserves time sensitive causes of action under the avoiding powers of the Bankruptcy Code that might otherwise be lost on dismissal of the petition.[11]

---

**8.** The court recognizes that Bankruptcy Rule 9014 directs that Bankruptcy Rule 7021 is automatically applicable to contested matters in general. However, Bankruptcy Rule 9014 applies only "in a contested matter ... not otherwise governed by these rules." Bankruptcy Rule 9014. In this case, Bankruptcy Rule 1018 expressly applies to and governs contested involuntary proceedings and, therefore, takes precedence over Bankruptcy Rule 9014.

**9.** *See, e.g., Anrig v. Ringsby United,* 603 F.2d 1319 (9th Cir.1978) (dropping a defendant when otherwise suit would be dismissed for improper venue); *In re Calloway,* 70 B.R. 175, 179 (Bankr. N.D.Ind.1986) ("[a]s is generally true, motions to dismiss involuntary petitions ... are disfavored ...").

**10.** In earlier times at common law, misjoinder constituted a fatal defect leading to dismissal of the petition. *See generally* Shipman, Common Law Pleadings § 226–28 (3d. ed. 1923). However, "Rule 21 was adopted to obviate the harsh common law adherence to the technical rules of joinder...." *Kerr v. Compagnie de Ultramar,* 250 F.2d 860, 864 (2d Cir.1958).

The federal equity rules and the English rules of practice mitigated the harsh common law treatment by allowing the action to proceed on its merits upon the cure of the initial misjoinder. *See* Wright, Miller & Kane, *supra,* § 1681 at 440–41 (West 1986). These sets of rules formed the basis of Fed.R.Civ.P. 21 as incorporated in Bankruptcy Rule 7021. *Id.* at 441. Today, a misjoinder no longer justifies the "extreme sanction" of dismissal. *Clay v. Martin,* 509 F.2d 109, 113 (2d Cir.1975).

**11.** No interested party has made any claim that it would be unfairly hurt in any substantive way by allowing the petition to continue after the jurisdictional defect is cured by dropping Movants.

Movants cite *In re Calloway* ("*Calloway*"), 70 B.R. 175 (Bankr.N.D.Ind.1986), in support of their contention that this court should dismiss the entire petition due to a lack of subject matter jurisdiction. In *Calloway*, the court acknowledged its discretionary authority to apply Rule 7021, but chose not to do so, opting instead to dismiss the petition, stating:

> This court should not have to go through some convoluted procedural process of severing this case into two separate cases and then in turn 'consolidating' or jointly administering them so as to allow the petitioners to obtain an order of relief indirectly at this point in in time, post-petition, that under no circumstances could they have done directly on the date the petition was filed.

*Calloway, supra* at 180.

The case before the court today is distinguishable from *Calloway* in that this petition may be preserved without resorting to a "convoluted procedural process" of severance and consolidation. *Calloway* involved a joint involuntary petition against two individuals, spouses, who could not under any circumstances be found to be the same person or entity. Here, the debtor is alleged to be a single entity utilizing more than one name. Where that allegation has been defeated with respect to Movants, the process of dropping Movants from this petition is simple and direct. In doing so, the unauthorized joint involuntary petition is transformed into an authorized involuntary petition against a single debtor, Western Land Bank, aka Port Kendall, Inc. The jurisdictional defect is cured and the petition can be adjudicated on its merits. Inasmuch as Singh is required, pursuant to Bankruptcy Rule 1005, to list all of the names he believes the debtor has used, this remedy avoids penalizing Singh, in the absence of bad faith and damages under section 303(i), for attempting to comply with the rules.

CONCLUSION

This court finds that notions of judicial economy and fairness weigh in favor of dropping Movants and allowing the underlying petition to go forward against West-ern Land, aka Port Kendall. For the reasons set forth above, this court therefore exercises its discretion, pursuant to Bankruptcy Rule 1018, to apply Bankruptcy Rule 7021 to drop Movants from the bankruptcy petition and declines to dismiss the petition for improper joinder.