**In re The JULIEN COMPANY, Debtor.**

**Bankruptcy No. 90–20283–B.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Nov. 13, 1990.

Jef Feibelman, David J. Harris, Burch, Porter & Johnson, Memphis, Tenn., for Jack F. Marlow, Trustee.

Lewis R. Donelson, John R. Branson, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, Tenn., for Julien J. Hohenberg.

Julie C. Chinn, Asst. U.S. Trustee, Memphis, Tenn.

## MEMORANDUM OPINION AND ORDER ON TRUSTEE'S AMENDED MOTION TO AMEND PETITIONS AND SCHEDULES

WILLIAM H. BROWN, Bankruptcy Judge.

This contested matter arises from the amended motion [1] filed by Jack F. Marlow, Chapter 11 Trustee, which motion seeks to amend the bankruptcy petition in order to identify the debtor as "Julien J. Hohenberg d/b/a The Julien Company." The Court has received memoranda and heard legal arguments as to the standing of the Trustee to bring such a motion and the authority of the Court to entertain the motion. Proof on the merits was reserved until after the Court ruled on these preliminary but critical issues, and this Opinion contains the Court's ruling that the Trustee's motion is not a proper one and that the Court should not exercise its 11 U.S.C. § 105(a) powers in this motion context to seize *in personam* jurisdiction over Mr. Hohenberg or *in rem* jurisdiction over his personal assets. The motion presents core issues under 28 U.S.C. § 157(b)(2)(A) and (O); however, should the Court have allowed the merits to be reached, non-core issues would have been presented, as will be discussed.

### HISTORY OF THE CASE

This bankruptcy case was initiated January 10, 1990, by an involuntary Chapter 7 filing against The Julien Company, a Tennessee corporation engaged in cotton trad-ing. The corporation did not resist its adjudication as a debtor; however, upon the debtor's request and without opposition the case was converted to Chapter 11, and a Chapter 11 Trustee was authorized by the Court. After the appropriate involvement of the U.S. Trustee, Jack F. Marlow was appointed Trustee. The Trustee has proceeded in an orderly liquidation of substantial assets, consisting largely of cotton inventories and equities. Also, the Trustee has initiated numerous adversary proceedings, including avoidance actions against Julien J. Hohenberg. At this point, Mr. Hohenberg's counsel have not filed proofs of claim on behalf of their client and they have sought to avoid voluntarily submitting to the bankruptcy court's jurisdiction. In the avoidance actions to which he is a defendant, Mr. Hohenberg has demanded jury trials. In response to this specific motion to amend the petition, Mr. Hohenberg has appeared specially through counsel, again without consenting to this Court's personal jurisdiction over him.

### TRUSTEE'S POSITION

It is the Trustee's position that this Court should "invoke its equitable powers pursuant to Section 105 [2] of the Bankruptcy Code to effect the substantive consolidation of the assets and liabilities of the debtor's estate with the assets and liabilities of Hohenberg's personal estate." (Trustee's Memorandum, pp. 1–2) Further, the Trustee asserts that he has standing to bring such a motion, as well as to bring an adversary proceeding, if he so chooses, to pierce the corporate veil of the debtor's corporation. In summary, the Trustee argues:

Amending the petition and schedules to, in effect, pierce the corporate veil of the Debtor is a much more expeditious and equitable method of sorting out the myriad entanglements devised by JJH [Ho-

---

1. The original motion sought to bring into this bankruptcy case as debtors Julien J. Hohenberg, his wife, Sarah J. Hohenberg, and his adult children, as well as trusts for his minor children.

2. Section 105(a) provides: The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

henberg], and would be with little or no relative prejudice to the creditors or JJH or the Debtor's other shareholders.

(Amended Motion, p. 5).

### HOHENBERG'S POSITION

As previously indicated, Mr. Hohenberg takes the position that he is not subject to the personal jurisdiction of this Court through a motion which has been served only on his counsel. Assuming that the Trustee has standing, Mr. Hohenberg asserts that the remedy sought would require an adversary proceeding, as this is in reality a proceeding "to recover money or property." Bankruptcy Rule 7001(1). However, according to Mr. Hohenberg, the Trustee lacks standing to bring this action which amounts to an effort to pierce the corporate veil of the present debtor.

### U.S. TRUSTEE'S POSITION

The U.S. Trustee for this region takes the position that the attempted procedure to substantively consolidate the debtor's estate with that of Mr. Hohenberg, who is not a debtor in bankruptcy, is not a proper one.

### ISSUES

Because of the Court's conclusion, it will not be necessary for the Court to reach all of the issues presented by the conflicting positions of the parties. The Court concludes that the motion filed by the Trustee is not an authorized or appropriate procedure for accomplishing substantive consolidation of the estates of this bankruptcy debtor and an individual not in bankruptcy.

### DISCUSSION

■ While the Chapter 11 Trustee in his Reply Memorandum points to specific factual allegations in support of an argument that "the Julien Company is but an instrumentality or alter-ego of Julien J. Hohenberg," the Court has not considered the merits of any factual allegations; rather, the Court is concerned at this point with whether the Bankruptcy Code authorizes such a procedure as that attempted by the Trustee. If not, is there persuasive non-Code authority to justify the bankruptcy court's allowance of the present motion? The Court is aware, both from the excellent memoranda provided by the parties and from its independent research, that there is case authority to support the Trustee's position. Therefore, an analysis of some of the cases on point will be beneficial in explaining how the Court reached its ultimate conclusion.[3]

The Bankruptcy Court for the District of Columbia has considered a similar issue, but in the factual context in which creditors of the Chapter 11 debtor in possession sought to pierce the corporate veil to reach individuals behind the corporation and further to find other corporate entities to be *alter egos* of those individuals. As a result, that Court was asked to "effectively consolidate the named corporate entities, together with the individuals as debtors, and to consolidate their estates in connection with this pending Chapter 11 case." *In re 1438 Meridian Place, N.W., Inc.,* 15 B.R. 89, 91 (Bankr.D.C.1981) (hereinafter *"Meridian Place"*). That Bankruptcy Court agreed with the creditors after an evidential hearing. *Id.* In response to the *Meridian Place* debtor's argument of lack of personal jurisdiction, that Court admitted the argument "is not without merit in a theoretical context," but that it overlooks "the broad jurisdictional grant to the United States Bankruptcy Court (see 28 U.S.C. § 1471(e) which grants jurisdiction to the Court over all the debtor's property wherever located), as well as the Court's broad powers as a Court of equity (citations omitted)." *Id.* at 94. The *Meridian Place* decision of course predates the 1984 Amendments to the Judicial and Bankruptcy Codes, resulting from *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which recognized a limit on how Congress could vest jurisdiction in the

---

**3.** The Court has not attempted an exhaustive review of all cases concerning substantive consolidation. Rather, the cases discussed in this opinion assist in illustrating this Court's concerns about the propriety of the present motion.

bankruptcy courts. *See, e.g., In Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987).

Further, *Meridian Place* predates the Supreme Court's recent clear pronouncements on the limits of the bankruptcy court's equity powers. As that Court said in *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988):

> [W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.

*See also, In re C–L Cartage Co.*, 899 F.2d 1490 (6th Cir.1990).

A more basic distinction between *Meridian Place* and the present motion is that in *Meridian Place* known creditors of the named debtor filed the motion. Here, it is the Trustee bringing the motion. The Court is aware, from other proceedings in The Julien Company case, that some creditors of Mr. Hohenberg are suing him in state and other federal courts. No creditors have appeared to support the Trustee's motion. In *Meridian Place*, that Court stated that the moving creditors were creditors of only the *Meridian Place* debtor; therefore, those creditors could not bring an involuntary bankruptcy proceeding against the target debtors. In The Julien Company case, it is obvious from the known suits in other courts against Mr. Hohenberg, as well as from the adversary proceedings against him in this Court, that Mr. Hohenberg has creditors who presumably are capable of bringing an involuntary bankruptcy petition against Mr. Hohenberg. The Trustee may in fact be such a potential creditor. There clearly has been no showing to this Court that the present motion is the only available remedy against Mr. Hohenberg. In fact, the very status of the case speaks otherwise. There are pending preference and fraudulent conveyance adversary proceedings against Mr. Hohenberg. Those proceedings provide potential remedies to the Trustee; however, they also provide procedural protections to the defendant Hohenberg. If the Court permitted the Trustee's motion to go forward and if the Trustee prevailed, the ad-

versary proceedings would become moot, since the defendant Hohenberg would then be the debtor Hohenberg. The Trustee would have reached Mr. Hohenberg's assets by means of a motion practice which lacks all of the procedural due process protections of an adversary proceeding or an involuntary petition. *See, In re Alpha & Omega Realty, Inc.*, 36 B.R. 416, 417 (Bankr.D.Idaho 1984).

Under former Bankruptcy Rule 701, the *Meridian Place* Court found that a motion to amend the caption and effectively consolidate nondebtor entities was not an adversary proceeding. *Meridian Place*, 15 B.R. at 94–95. This Court, under the present Code and Rules, disagrees. The primary desired result of the Trustee's effort is to recover assets believed or assumed to be within Mr. Hohenberg's possession or control. Since he is not yet a debtor in bankruptcy, Rule 7001(1) clearly applies to render the Trustee's effort "to recover money or property" from Mr. Hohenberg an adversary proceeding. Also, the Trustee invokes the Court's equity powers, and Rule 7001(7) requires "equitable relief" to be sought through an adversary proceeding. This Court agrees with the *Alpha & Omega* Court and "cannot conclude that due process is afforded the nondebtor parties or the separate creditors of the nondebtor parties under the type of analysis employed by the Court in *1438 Meridian Place, supra.*" *In re Alpha & Omega Realty, Inc.*, 36 B.R. at 417.

In a recent case, the debtor in possession brought an adversary proceeding against two nondebtor corporations asserting that they should be consolidated with the debtor. *Matter of Munford, Inc.*, 115 B.R. 390 (Bankr.N.D.Ga.1990). In ruling on a motion to dismiss the complaint, that Bankruptcy Court refused to dismiss stating that "substantive consolidation may be based on a finding that it would be more equitable to all of the parties to allow consolidation." *Id.* at 394. The Court then relied in part upon *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515 (2d Cir. 1988), a case involving the attempted consolidation of two corporations, both in Chapter 11 bankruptcy. However, Judge

W. Homer Drake, Jr. did address in *Munford* the court's "authority to consolidate a debtor's assets with those of a nondebtor," and found the foundation for such authority in *Sampsell v. Imperial Paper Corp.,* 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293, *reh'g denied,* 313 U.S. 600, 61 S.Ct. 1107, 85 L.Ed. 1552 (1941) and in *Soviero v. Franklin National Bank of Long Island,* 328 F.2d 446 (2d Cir.1964). *Matter of Munford,* 115 B.R. at 396–397. Considering those cases to be authority for the remedy of "transfer of a nondebtor's assets into the debtor's estate," Judge Drake had no difficulty with the court's use of its § 105(a) powers to effect this remedy. *Id.* at 397.

However, this Court is not so comfortable with either the authority, as it must be applied to the facts of this case, or with the use of § 105(a) to reach such a result. *Sampsell v. Imperial Paper* factually involved an individual debtor who had transferred property to his controlled corporation "not in good faith but for the purpose of placing the property beyond the reach of creditors." 313 U.S. at 216, 61 S.Ct. at 906. That being true, the result of holding that the property of the nondebtor corporation was also property of the individual debtor's estate is not surprising nor is it the equivalent of the substantive consolidation sought in The Julien Company, where the Trustee seeks the reverse of the *Sampsell* facts— to make all of the nondebtor individual's assets property of the corporate debtor's estate. Neither is The Julien Company Trustee's motion supported by the result in *Soviero v. Franklin National Bank of Long Island,* where the Second Circuit affirmed the bankruptcy referee's conclusion that the debtor corporation and its corporate affiliates were not in fact separate entities.

A District Court in Missouri has recognized the equitable authority of a bankruptcy court "to substantively consolidate the estates of affiliated corporations." *In re Kroh Brothers Development Co.,* 117 B.R. 499, 501 (W.D.Mo.1989). The *Kroh Brothers* Court found a difference between an *alter ego* action, in which the trustee might lack standing,[4] and substantive consolidation. *Id.* at 502. As in *Munford,* the *Kroh Brothers* adversary proceeding involved substantive consolidation of related corporate entities. Consolidation must, however, be based upon some authority and "[s]ubstantive consolidation has no express statutory basis but is a product of judicial gloss." *In re Augie/Restivo Baking Co., Ltd.,* 860 F.2d at 518; *compare,* Bankruptcy Rule 1015. This being true, this Court chooses to utilize substantive consolidation restrictively.

*In re Crabtree,* 39 B.R. 718 (Bankr.E.D. Tenn.1984), a case also relied upon by the *Munford* Court, involved Judge Clive Bare's consideration of a motion by the petitioning creditors to amend their involuntary Chapter 7 petition to show that the individual debtor was also known as or did business as West Knoxville Investment Company, Inc. and he observed: "The amended petition does not add a second debtor to the case, but rather reflects the reality that West Knoxville Investment Company, Inc. is simply Crabtree's *alter ego.*" *Id.* at 721. Judge Bare recognized that a separate involuntary petition against the corporation was an acceptable, but not exclusive, procedure. *Id.* The primary distinction between *Crabtree* and The Julien Company is that the effort was in reverse of what this Trustee attempts. In *Crabtree* an individual debtor was found to exert such control over the corporation so as to render the corporation an *alter ego* of the individual.[5] *See also, Sampsell v. Imperial Paper Corp.,* 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293 (1941) (Debtor found to have transferred assets in bad faith *to* a

4. *See, In re Ozark Restaurant Equipment Co., Inc.,* 816 F.2d 1222 (8th Cir.1987), *cert. denied,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987), relying on *Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972) to hold that § 544 did not give a trustee power to pursue an *alter ego*

action on behalf of the estate's creditors; *see also* note 7, *infra.*

5. In *Crabtree,* the individual owned 100% of the subject corporation's stock. 39 B.R. at 720. Here, it is alleged that Mr. Hohenberg owns 30% of this debtor's stock.

corporation; thus, corporate assets were found to be individual debtor's assets). That result simply recognizes that the corporate assets were in reality assets of the individual debtor. Here, the Trustee acts for the corporate debtor and attempts to get control over all of the individual Hohenberg's assets, whether they are related to The Julien Company or not. That is a broader and much more invasive result than seen in *Crabtree* or *Sampsell.* To say that Mr. Hohenberg is the *alter ego* of The Julien Company exposes Mr. Hohenberg's assets to satisfaction of The Julien Company's debts which appear to exceed one half billion dollars. Surely that would impact on Mr. Hohenberg's creditors who are unrelated to The Julien Company. At the very least, notice to Mr. Hohenberg's non-Julien Company creditors should be required before their claims are potentially consolidated with The Julien Company's creditors' claims. Such notice more effectively can be given in an involuntary bankruptcy setting, which involves a target debtor's unsecured creditors seeking bankruptcy relief under 11 U.S.C. § 303, or in an adversary proceeding to pierce the corporate veil, in which the issues could be fully framed in the pleadings and discovery and in which any creditors of Mr. Hohenberg could move to intervene. Bankruptcy Rule 7024.

Warning that "the power to consolidate should be used sparingly because of the possibility of unfair treatment of creditors," the Court of Appeals for the Second Circuit, in a Bankruptcy Act Chapter X case, permitted "in the rare case" a consolidation of several corporate debtors. *Chemical Bank New York Trust Co. v. Kheel, et al.,* 369 F.2d 845, 847 (2d Cir. 1966). However, that case did not involve an effort to bring an individual into the case. It was in fact a consolidation of corporations which were "all debtors in proceedings under Chapter X of the Bankruptcy Act." *Id.* at 846. The result of *Chemical Bank* does not support The Julien Company Trustee's motion.

Substantive consolidation, as in *Chemical Bank,* has been permitted as an equitable power of the court. The purpose is "to ensure the equitable treatment of all creditors." *In re Davies, et al.,* unpublished opinion Cases No. 89–10308–K and 89–10310–K, p. 2 (Bankr.W.D.Tenn. 8/11/89); *see also In re Continental Vending Machine Corp.,* 517 F.2d 997, 1000 (2d Cir.1975), *cert. denied,* 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976); *In re Augie/Restivo Baking Co., Inc.,* 860 F.2d at 518. As Chief Judge David S. Kennedy has noted in discussing the difference in joint administration under Bankruptcy Rule 1015 and substantive consolidation:

> Substantive consolidation is a power which should be used sparingly, for while the term has a disarmingly innocent sound, consolidation in bankruptcy is no mere instrument of procedural convenience like joint administration under Bankr.Rule 1015, but is a measure vitally affecting substantive rights of creditors.

*In re Davies, et al.* at p. 3.

As the U.S. Trustee asserts, substantive consolidation is a concept normally applicable to two or more cases pending before the bankruptcy court, either involving the same debtor or related debtor entities. *See, e.g., Matter of Luth,* 28 B.R. 564 (Bankr.D.Idaho 1983); *Matter of Lewellyn,* 26 B.R. 246, 250 (Bankr.S.D.Iowa 1982) (Pointing out the absence of statutory authority and that substantive consolidation of two bankruptcy estates involves the court's equity power).

The Trustee refers to *In Matter of Baker & Getty Financial Services, Inc.,* 78 B.R. 139 (Bankr.N.D.Ohio 1987), in which the court consolidated three corporate debtor estates with the estates of two individual "affiliates." *Id.* at 141. There is no discussion justifying the procedure by which the individuals were joined into the corporate bankruptcies, but it is obvious that the *Baker & Getty* Court was not presented with the issue before this Court. The motion to join the individuals was not opposed in *Baker & Getty* nor did those individuals oppose the consolidation. *Id.* at 141–142. The absence of a dispute over the court's authority to bring individuals into bankruptcy by motion renders *Baker*

*& Getty* of no authority in the present contested motion.

The Trustee also cites *In re Lee Way Holding Co.*, 105 B.R. 404 (Bankr.S.D.Ohio 1989), which involved a corporate trustee's adversary proceeding against corporate defendants based in part upon an *alter ego* theory. The court's decision rests in part upon Ohio state law which permitted a corporation to assert a claim against its principals. The most striking distinction of *Lee Way Holding Co.* is that it procedurally involved an adversary proceeding rather than a motion. The same distinction prevails with *In re Western World Funding, Inc., et al.*, 52 B.R. 743 (Bankr.D.Nev.1985) where the debtor corporations' trustee brought an adversary proceeding against the debtor corporations' officers and directors for "thirteen causes of action, including allegations of breach of fiduciary duty, conversion of corporate assets, and preference." *Id.* at 753. *Alter ego* theories were also involved. In a forty-nine page opinion the court discusses this complex proceeding and issues judgments, including judgment on the *alter ego* claims against two defendants "for any and all deficiencies in the estate to pay in full all allowed claims, including administrative claims, against the estate." *Id.* at 791. The judgments did not include a substantive consolidation, and the judgment described above is wholly different from a substantive consolidation. For example, a judgment against Mr. Hohenberg for all debts of The Julien Company would not be the equivalent of consolidating Mr. Hohenberg's assets and liabilities with those of this debtor.

In another lengthy opinion, *In re Vermont Toy Works, Inc.*, 82 B.R. 258 (Bankr. D.Vt.1987), the court had before it an adversary proceeding seeking a declaratory judgment and a marshalling of assets. That Court, under applicable Vermont law, held *inter alia*, that the "inequitable conduct of debtor's director, officer, and shareholder, is sufficient to warrant the piercing of the corporate veil and the application of the marshalling of assets doctrine." *Id.* at 265. The *Vermont Toy* Court was not asked to substantively consolidate a non-debtor's estate with that of a bankruptcy debtor.

In *Matter of Munford, supra*, Judge Drake found the involuntary petition remedy of § 303 to not preclude the use of substantive consolidation under § 105(a) "as an alternative means to bring a non-debtor's assets into a debtor's estate." 115 B.R. at 398. Underpinning the consolidation remedy is the broad concept of § 541's property of the estate, and Judge Drake concluded that "[s]ubstantive consolidation is essentially a complex turnover proceeding because the debtor is asking the non-debtor affiliated entity to bring into the estate assets in which the debtor asserts an inseparable interest." *Id.* Under the facts presented in *Munford*, this Court is not required to disagree with Judge Drake. However, *Munford's* consolidation is limited to the corporate assets of the corporate defendants. *Id.* at 398. In The Julien Company case, the Trustee would reach much further to bring all of Mr. Hohenberg's personal assets and liabilities into the corporate estate, all without the procedural protections of an adversary proceeding.

To follow the Trustee's approach, especially by motion, disturb's this Court's view of its § 105(a) power which certainly has limits. "Like other federal courts, a bankruptcy tribunal is one of limited jurisdiction. Its power must be conferred, and it may not be enlarged by the judiciary because the judge believes it wise to resolve the disputes." *In re Kubly*, 818 F.2d 643, 645 (7th Cir.1987); *see also e.g., In re Majestic Energy Corp.*, 835 F.2d 87, 89 (5th Cir.1988); *In re Western Land Bank, Inc.*, 116 B.R. 721, 723 (Bankr.C.D.Cal.1990).

[2] This Court does not conclude that a bankruptcy court should never order substantive consolidation or that it lacks the equitable authority to do so in an appropriate factual environment. However, the bankruptcy court should cautiously exercise that authority only when the facts demand it. In those cases discussed herein where the debtor has been consolidated with other bankruptcy debtors, the remedy

or results are not offensive to this Court when the facts demonstrate that the debtors were in fact one entity or were so intertwined as to be indistinguishable and when the result is equitable for the creditors of each estate. But, this Court has great difficulty with the present facts where the corporate debtor's Trustee attempts to say that the debtor is not in fact a corporation and that therefore the nondebtor individual's assets are property of the debtor's estate. It is troublesome for the debtor to pierce its own veil and deny its corporate existence and conclude that as a result Mr. Hohenberg's assets belong to the debtor.

The attempted remedy is more offensive because it is sought by motion rather than by adversary proceeding. This is true because constitutional and procedural rights may be affected. For example, Mr. Hohenberg asserts a right to jury trial, yet the mechanism for jury trial does not exist in contested matters.[6] Piercing the veil is a state law remedy. Clearly, the events relied upon by the Trustee to support his recovery are pre-bankruptcy, since Mr. Hohenberg has not been in possession or control of the debtor since the appointment of the Trustee, which followed the bankruptcy filing by only eight days. Therefore, this Court concludes that an action based upon a veil piercing or *alter ego* theory could not be a core proceeding. This Court would

then be making proposed findings and conclusions in a contested matter rather than in an adversary proceeding. The procedure appears unnecessarily awkward, assuming that it can be done. This is especially true when it is obvious that alternatives appear which are not only more workable but more procedurally sound. For example, as noted the Trustee has filed causes of action against Mr. Hohenberg for preferential and fraudulent transfers. The unsecured creditors of Mr. Hohenberg, which may include the Trustee, have an option under § 303 of filing an involuntary petition against him. Creditors with standing to pursue an *alter ego* action against Mr. Hohenberg[7] may proceed against him in an appropriate court on that theory. In each of these settings, Mr. Hohenberg enjoys procedural protections which are lacking in the present motion which attempts to haul Mr. Hohenberg personally before a court of limited jurisdiction on nothing but a questionable equitable authority under § 105(a).

The Trustee argues that substantive consolidation is "ordinarily considered a contested matter in which relief must be sought by motion under Rule 9014." (Trustee's Memorandum, p. 3) That may be true in the ordinary substantive consolidation setting which involves two or more debtors already in bankruptcy. However, this Court does not consider a motion to be sufficiently protective of the adverse par-

**6.** The right to jury trial in an equitable veil piercing action is questionable, but the Court is not required to address that question. *See, e.g., In re Lee Way Holding Co.,* 118 B.R. 544 (Bankr. S.D.Ohio 1990).

**7.** The Court is not required to rule on whether the Chapter 11 Trustee has such standing since the Trustee's motion does not rest upon such an action. The Trustee argues in favor of his standing to pursue this motion by reference to adversary proceedings to pierce the corporate veil. (Trustee's Memorandum, pp. 17–35) However, the Trustee's standing to bring an adversary proceeding to pierce the corporate veil and the question of a corporation's ability under Tennessee law to pierce its own veil are not issues before this Court. There is no adversary proceeding pending to pierce the corporate veil. Rather, the Trustee attempts to bootstrap his standing to move to substantively consolidate a debtor with a nondebtor. Merely because the result might be the same does not justify the attempted procedure. This Court

specifically declines to rule in this contested matter on the Trustee's standing to sue to pierce the corporate veil, a subject with divergent views. *See, e.g., Caplin v. Marine Midland Grace Trust Co. of N.Y.,* 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972); *Rochelle v. Marine Midland Grace Trust Co. of N.Y.,* 535 F.2d 523 (9th Cir.1976); *Williams v. California 1st Bank,* 859 F.2d 664 (9th Cir.1988); *In re Ozark Restaurant Equipment Co., Inc.,* 816 F.2d 1222 (8th Cir.1987); *cert. denied, sub nom, Jacoway v. Anderson,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987); *E.F. Hutton & Co., Inc. v. Hadley,* 901 F.2d 979 (11th Cir.1990); *Steyr–Daimler–Puch of America Corp. v. Pappas,* 852 F.2d 132 (4th Cir.1988); *Koch Refining v. Farmers Union Central Exchange, Inc.,* 831 F.2d 1339 (7th Cir.1987), *cert. denied,* 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988); *S.I. Acquisition v. Eastway Delivery Service, Inc.,* 817 F.2d 1142 (5th Cir.1987).

ties' rights when the movant seeks to substantively consolidate a debtor with a nondebtor.

The only justiciable issue before the Court is whether the Trustee's motion to substantively consolidate is a proper motion, and the Court has concluded that it is not. The Trustee will not be permitted to proceed with this motion in view of the Court's conclusion that Bankruptcy Rules 7001(1) and (7) require that this action "to recover money or property" or for "other equitable relief" be by adversary proceeding, and in view of the Court's conclusion that a motion to substantively consolidate the corporate debtor with a nondebtor's estate does not provide adequate due process protections to the nondebtor Mr. Hohenberg or to his creditors.

IT IS THEREFORE ORDERED that the Trustee's "Amended Motion to Amend Petition and Schedules" is dismissed and the relief of substantive consolidation is denied.