In the Matter of Laune D. CLEM and Molly Clem, dba Clem Development, M.P. Investments, D.L. Properties, and Alpha & Omega Investments, Debtors.

L.D. FITZGERALD, Trustee, Plaintiff,

v.

Paul S. HUDSON, Sheila R. Hudson, James L. Branson, and Dorene M. Branson, Defendants.

Adv. No. 82–0712.

United States Bankruptcy Court, D. Idaho.

Dec. 30, 1982.

---

**4**

James S. Underwood, Jr., Underwood & Petersen, Boise, Idaho, for plaintiff.

Paul E. Levy, Boise, Idaho, for defendants.

M.S. YOUNG, Bankruptcy Judge.

Plaintiff is the trustee of the chapter 7 estate of Laune D. Clem and Molly Lynn Clem, No. 82–01128. These joint debtors' voluntary petition for relief was filed on June 17, 1982, and was entitled:

In re:

LAUNE D. CLEM and MOLLY LYNN CLEM, CLEMCO DEVELOPMENT, M.P. INVESTMENTS, D.L. PROPERTIES, ALPHA & OMEGA INVESTMENTS, Debtor.

Plaintiff seeks by the instant action to recover from the defendants Hudson and Branson, former partners of the Clems in the partnership of Alpha & Omega Investments, pursuant to 11 U.S.C. § 723. That section provides, in essence, that the trustee of a debtor partnership can seek recovery from the general partners of such a bankrupt entity in order to pay allowable claims in the partnership's chapter proceeding in full, i.e., to the extent the property of the partnership's bankruptcy estate is insufficient to pay such claims.

The threshold issue raised is whether plaintiff is the trustee of a partnership which is a debtor under the Code and thus may utilize § 723 against the defendants. In this regard, defendants contend that the filing of the petition for relief in Case No. 82–01128 as above noted did not operate as a petition for relief for the partnership of Alpha & Omega Investments. They further contend that the partnership was dissolved and no longer in existence at the time the petition herein was filed. I concur with the first position of defendants; I reach no conclusions in regard to the alleged dissolution of the partnership or in regard to any rights or liabilities of the partnership or its former members.

The instant petition was completed, signed, acknowledged and filed by Laune and Molly Clem as individuals, filing jointly as spouses under § 302(a). Nothing in the petition indicates that the other names set forth in the caption were anything other than names by which the debtors were known in the six years preceding the filing of the petition. See Recommended Form No. 1, adopted by Local Rule I. Thus it appears, in effect, that debtors Laune and Molly Clem were setting forth "d.b.a.'s" by which they were known during that period.

It is clear, under § 302(a) of the Code, that spouses may file a joint petition for relief. However, an individual and his spouse are the *only* "persons," as defined by § 101(30), which may file a joint petition. While a corporation or a partnership is also recognized as a "person" by the Code and may be a debtor under § 109, there is no provision in the Code authorizing such an entity to jointly file for relief with any other.

Petitions improperly setting forth more than one debtor will not be accepted for filing by the court. Should such a petition be erroneously accepted, the first listed entity shall be treated as and deemed to be the debtor and all other listed entities disregarded.

I conclude, therefore, that the listing of Alpha & Omega Investments does not operate as a filing of a petition for relief by the partnership nor is that partnership a debtor under the Code. The listing appears to reflect only a name by which debtors did business or were known prior to bankruptcy. Alternatively, should a multiple filing have been intended, it is improper and the listing of the entities subsequent to the joint debtor spouses becomes irrelevant.

Thus, agreeing with defendants that plaintiff lacks standing to assert a cause of action under § 723 of the Code, the complaint herein is dismissed.

IT IS SO ORDERED.