In re **ALPHA & OMEGA REALTY, INC., Debtor.**

**Bankruptcy No. 81–02109.**

United States Bankruptcy Court, D. Idaho.

Jan. 27, 1984.

James S. Underwood, Jr., of Underwood & Petersen, Boise, Idaho, for trustee.

Larry E. Prince of Langroise, Sullivan & Smylie, Boise, Idaho, for creditors Papé.

Paul E. Levy, Boise, Idaho, for creditor Branson.

### MEMORANDUM DECISION AND ORDER

M.S. YOUNG, Bankruptcy Judge.

Trustee of the debtor corporation has moved for "substantive consolidation." Though raised under Bankruptcy Rule 9014, concerning "contested matters," this motion is necessarily predicated upon Bankruptcy Rule 1015(b) which provides as follows:

"If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general

partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest."

Trustee seeks to incorporate with the instant chapter 7 proceeding the "estate" of Alpha & Omega Investments, a general partnership. Trustee asserts:

"L.D. FITZGERALD, Trustee of the Estate of the above named debtor, by and through his attorneys, Underwood & Petersen, moves this Court, pursuant to Bankruptcy Rule 9014, for an Order, effective December 2, 1981 consolidating with the debtor, Alpha and Omega Realty, Inc., a general partnership known as Alpha & Omega Investments and amending the case caption to include Alpha & Omega Investments.

This Motion is offered for the reason that it is not possible to reconcile and separate the financial affairs of the debtor corporation and the partnership and the fact that such consolidation will not prejudice either the secured or unsecured creditors of either party. There was also complete unity of ownership and management of the two entities."

Objections to the motion have been made by Terry and Nancy Papé and James Branson. I find one of the grounds of objection raised by creditors Papé determinative.

The Rule contemplates consolidation of two pending bankruptcy proceedings over which the Bankruptcy Court has jurisdiction. Alpha & Omega Investments, a general partnership consisting of Laune D. Clem, James L. Branson, Paul S. Hudson, and possibly others, is not a debtor under the Code. Such was expressly held in *Fitzgerald v. Hudson,* 29 B.R. 3, 82 IBCR 205 (Bkrtcy.D.Id.1982). I conclude that this fact precludes consolidation as requested by trustee.

Trustee asserts that *In re 1438 Meridian Place, N.W., Inc.,* 15 B.R. 89, 4 BCD 463 (Bkrtcy.D.D.C.1981), supports such "consolidation" of a nondebtor's estate with a pending bankruptcy proceeding. I find that

case unpersuasive authority for a number of reasons. The reliance therein on 28 U.S.C. 1481 is certainly subject to question following the opinion of the U.S. Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). It is clear that the jurisdiction of the Bankruptcy Court is, at least at present, no longer as broad as once thought. I also question the conclusion of that court that nondebtor parties can essentially be declared involuntary debtors through use of a "veil piercing" theory, especially when raised by motion and not through either an adversary proceeding or involuntary petition under § 303 with their attendant protections. As is clear from *In re Luth,* 28 B.R. 564, 10 BCD 482, 83 IBCR 31 (Bkrtcy.D.Id.1983), and the authority cited therein, consolidation is not only rarely granted but also requires strict attention to the concept of due process. See e.g., Seligson and Mandell, "Multi-Debtor Petition—Consolidation of Debtors and Due Process of Law," [New York] Bankruptcy Bar Bulletin, Vol. 3, No. 2 (June, 1968), reprinted at 73 Commercial Law Journal 341 (1968). I cannot conclude that due process is afforded the nondebtor parties or the separate creditors of the nondebtor parties under the type of analysis employed by the court in *1438 Meridian Place, supra.* Additionally, I note that the facts in that case established the debtor corporation and nondebtor corporations were all alter egos of the nondebtor controlling stockholders whereas the evidence presented by trustee herein is insufficient to support a conclusion that either the partnership or the corporation was a sham or functionally indistinguishable from the other or that either served as only a conduit for the Clems personally.

I note that, should Alpha & Omega Investments at some time become a debtor under the Code, either voluntarily or involuntarily, and trustee renews this motion, or should trustee seek to consolidate this case with that of Laune D. and Molly L. Clem, Case No. 82–01128, the requirements set forth in *Luth, supra,* must be established.

The showing made at this juncture by trustee would be insufficient under that authority even if the partnership were a debtor under the Code.

Based upon the foregoing, the objections will be sustained and trustee's motion denied.

IT IS SO ORDERED.