**In re Andonis MORFESIS, Debtor.**

**Dominion Financial Corporation, Plaintiff,**

v.

**Andonis Morfesis, Defendant.**

**Bankruptcy No. 96–23157.
Adversary No. 96–2494.**

United States Bankruptcy Court, D. New Jersey.

Nov. 14, 2001.

connection with the exhibit (Plaintiff's Exhibit 277) was stricken. Tr. 3–27–00 at 101–02.

Jeffrey A. Cooper, Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, Roseland, NJ, for Dominion Financial Corporation.

Eric R. Perkins, Nicolette & Perkins, Hackensack, NJ, debtor, Andonis Morfesis.

Robert Montecallo, Biagiotti, Marino & Montecallo, Hackensack, NJ, for Maria Morfesis.

## OPINION

WILLIAM H. GINDIN, Bankruptcy Judge.

### PROCEDURAL HISTORY

Presently before the court is a cross-motion for substantive consolidation and/or

extension filed by the plaintiff/creditor Dominion Financial Corporation.[1]

On or about April 17, 1996, the debtor, Andonis Morfesis (Morfesis) filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code. The plaintiff, Dominion Financial Corporation commenced the instant adversary proceeding on or about July 22, 1996. In the adversary proceeding, Dominion seeks to have certain debts of the debtor declared nondischargeable pursuant to 11 U.S.C. § 523(a).

Dominion filed the instant cross-motion for extension and/or substantive consolidation on August 15, 2001. This court heard oral argument on the motion on August 22, 2001 and reserved decision. At the hearing, Morfesis, as well as his ex-wife, Maria Morfesis objected to the motion. The trustee was not present and filed no opposition or support of the plaintiff's motion. The court permitted the parties to file supplemental briefs. Counsel for the debtor, Andonis Morfesis, counsel for the debtor's ex-wife, Maria Morfesis and counsel for the plaintiff/creditor filed supplemental briefs with the court.

## *JURISDICTION*

This court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. The instant motion is a core matter as defined in 28 U.S.C. § 157(b)(2)(I). Venue is proper in this District pursuant to 28 U.S.C. § 1408. Additionally, the court has jurisdiction over Maria Morfesis based on 28 U.S.C. § 1334, and 28 U.S.C. § 157; coupled with the court's ancillary and pendent jurisdiction. To the extent that this court is found to have no jurisdiction as to any matter, this opinion shall constitute a report and recommendation pursuant to 28 U.S.C. § 157(c)(1).

## *FACTS*

The plaintiff, Dominion Financial Company is in the business of lending money to both businesses and individuals and is a New York corporation. The debtor, Andonis Morfesis owns several properties in both New York and New Jersey. Dominion lent money to Morfesis in return for a security interest in the properties and business entities owned and/or operated by Morfesis.

Andonis and Maria Morfesis were married for a period of time, but divorced sometime in 1981. Since that time, they have resided together at 26 John Street, Englewood Cliffs, New Jersey.

Morfesis procured loans for his business entities through Dominion. In exchange for each loan, Morfesis executed a note and a mortgage on a property owned by each respective business entity.

In its complaint, Dominion alleges that Morfesis either entered into the initial loan agreements with Dominion with the intent to defraud Dominion by not paying on his obligations to the plaintiffs, or he conducted his business entities in such a way as to defraud Dominion. Dominion alleges that one such instance of Morfesis attempted fraud was to have his ex-wife, Maria Morfesis sign guarantees on monies lent by Dominion to Morfesis. In another instance, Dominion alleges that Morfesis transferred property to Maria Morfesis, in an attempt to place the property outside the reach of creditors. Dominion alleges that Morfesis gave false information on loan applications, thereby obtaining loans falsely, and that he used Maria Morfesis

1. A hearing was held on the cross motion for substantive consolidation on August 22, 2001. Still pending for the court's consideration is a motion by counsel for Maria Morfesis to dismiss the complaint against Ms. Morfesis.

as an instrumentality to procure loans and defraud the lender. Dominion alleges that Maria Morfesis was involved in Morfesis' alleged acts of fraud, and as such, Dominion requests that Morfesis' bankruptcy estate be extended or substantively consolidated to include the assets of Maria Morfesis.

### DISCUSSION

*Substantive Consolidation*

■ Although not specifically mentioned in the bankruptcy code, substantive consolidation is a tool within the equitable powers of the bankruptcy court. *In re United Stairs,* 176 B.R. 359, 368 (Bankr.D.N.J. 1995). Pursuant to 11 U.S.C. § 105(a) the bankruptcy court is afforded equitable powers to carry out the provisions of the Code and to prevent abuses. *Id.* at 368.

■ Substantive consolidation results in the pooling of the assets of, and claims against two or more entities, thereby satisfying liabilities from the resultant common fund, eliminating duplicate claims, and combining the creditors of the two entities for purposes of voting on reorganization plans. *In re Genesis Health Ventures, Inc.,* 266 B.R. 591, 605 (Bankr.D.Del.2001), *citing, In re Augie/Restivo Baking Co.,* 860 F.2d 515, 518 (2d Cir.1988).

While the remedy of substantive consolidation is more widely used to consolidate debtor estates already in bankruptcy, its scope has been held to reach non-debtor entities, under the appropriate circumstances. *See Sampsell v. Imperial Paper & Color Corp.,* 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293 (1941); *see also, In re 1438 Meridian Place N.W., Inc.,* 15 B.R. 89 (Bankr.D.D.C.1981).

■ The D.C. Circuit has developed a three part test, whereby, the party requesting substantive consolidation must show:

(1) a substantial identity between the entities to be consolidated;

(2) that consolidation is necessary to avoid harm or to achieve some benefit; and

(3) in the event that the creditor shows harm, that the benefits of consolidation "heavily" outweigh the harm.

*In re Auto–Train Corp.,* 258 U.S.App. D.C. 151, 810 F.2d 270, 276 (D.C.Cir.1987); *see also, In re Genesis Health Ventures, Inc.,* 266 B.R. 591, 606 (Bankr.D.Del.2001).

■ Additionally, this court has adopted a balancing of the equities test, whereby "the court must weigh the economic prejudice of continued debtor separateness against the economic prejudice of substantive consolidation." *In re United Stairs,* 176 B.R. at 369.

■ Applying the first prong of the test, adopted by the D.C. circuit in *Auto–Train* and outlined in *Genesis,* movant must show that Maria Morfesis operated as an alter ego of the debtor or of the debtor's business entities. See, *In re Auto–Train Corp.,* 258 U.S.App. D.C. 151, 810 F.2d 270, 276 (D.C.Cir.1987); *In re Genesis Health Ventures, Inc.,* 266 B.R. 591, 607 (Bankr.D.Del.2001). In an attempt to establish this relationship, movant alleges that Morfesis used a series of entities, including Maria Morfesis to escape his liabilities to his creditors, including Dominion. Ms. Morfesis testified under oath that she did sign papers, when her ex-husband asked her to. Among the documents submitted by counsel for Dominion, are two guarantees signed by Maria Morfesis thereby guaranteeing loans made by Dominion to business entities owned by Morfesis. Two cases are instructive on the application of the first prong.

First, in *In re Genesis Health Ventures*, 266 B.R. 591 (Bankr.D.Del.2001), Judge Wizmur, sitting by designation, found that the movants showed substantial identity between the parties sought to be consolidated where, the entities operated as separate and integrated business units without the formality of separate corporate entities. *Id.* at 608. Additionally, the presence of a central cash management system maintained for the entities through which revenues were received and accounts were paid factored into Judge Wizmur's determination. *Id.* at 608.

While Morfesis operated several business entities, he did so without corporate formalities. At no time, however, could it be said that Maria Morfesis operated any of the business units. Ms. Morfesis testified under oath that she had no interest in or no idea of any interest she had in her ex-husband's business entities. Although she signed two guarantees to Dominion, these acts alone do not make her an alter ego of Morfesis' business entities. The relationship between the parties is unusual in that they are no longer married, but living under the same roof. This might suggest a business relationship, but this court finds that the testimony of Ms. Morfesis is credible and concludes that she was truly ignorant of Morfesis' business activities. She claimed, and the court accepts the explanation that she was acting to protect her family and to ensure its economic stability.

Secondly, in *United Stairs*, 176 B.R. 359 (Bankr.D.N.J.1995), this court found consolidation warranted where the entities to be consolidated were alter egos of one another. The court made an alter ego finding on the grounds that there was a commingling of assets between the entities. *Id.* at 369. In the present case, no evidence was presented of commingled assets. Ms. Morfesis maintains her own checking account, and has no right to use Morfesis' accounts.

■ The second prong aims to protect creditors from inequities. *See In re Genesis Health Ventures*, 266 B.R. 591 (Bankr. D.Del.2001). To prove the second element successfully, Dominion needs to show that bringing the assets of Ms. Morfesis into the estate would benefit their recovery, or prevent some harm caused by Morfesis alleged fraud. *Id.* at 606; *see also, In re United Stairs*, 176 B.R. at 369. Ms. Morfesis testified that her only asset is her house. No evidence was presented as to the value of the home, any outstanding indebtedness on the home and/or any equity in the home over and above her exemption. Extending Morfesis' bankruptcy estate to include Ms. Morfesis home does not result in Dominion receiving a greater recovery on its claim. If consolidation were granted, the estate is not greatly increased because Ms. Morfesis' only asset is her home.

■ Lastly, even if Dominion were able to establish the first two elements, in no manner does any benefit of consolidation "heavily" outweigh the harm that would be done to Ms. Morfesis. In, *United Stairs*, this court stated "substantive consolidation should be considered with extreme caution and granted only in extraordinary situations." *In re United Stairs*, 176 B.R. at 368–69, *citing, In re Lease–A–Fleet, Inc.*, 141 B.R. 869, 872–73 (Bankr.E.D.Pa.1992).

■ The reason for caution stems from the due process rights of the non-debtor. *See In re Alpha & Omega Realty, Inc.*, 36 B.R. 416 (Bankr.D.Idaho 1984). "Consolidation is not only rarely granted, but requires strict attention to the concept of due process." *Id.* at 418, *citing,* Seligson and Mandell, "Multi Debtor PetitionConsolidation of Debtors and Due Process of

Law," [New York] Bankruptcy Bar Bulletin, Vol. 3, No. 2 (June 1968).

Movant argues further that this case is analogous to *United Stairs,* 176 B.R. 359 (Bankr.D.N.J.1995), and after a balancing of the equities, Dominion is entitled to substantive consolidation. Movant's argument is unavailing. In *United Stairs,* this court found that the creditors would be prejudiced if the entities were permitted to remain separate. *Id.* at 369. As discussed above, Ms. Morfesis does not bring assets to the estate of Mr. Morfesis that would result in Dominion receiving a greater recovery. Due to the very limited assets of Ms. Morfesis, any recovery of Dominion would appear to have little impact with or without consolidation.

Additionally, in *United Stairs,* the entities to be consolidated shared the same creditors. *Id.* at 369. Here, evidence of Ms. Morfesis' creditors, if any, was not submitted. The sole evidence of Ms. Morfesis creditor's is the presence of two guarantees she signed in favor of Dominion. While Ms. Morfesis may be a guarantor of loans made by Dominion to Mr. Morfesis, that is insufficient to reach a conclusion that Ms. Morfesis and Mr. Morfesis have the same creditors. At the most, they have one creditor in common.

*Conclusion*

In conclusion, this court finds that movant failed to prove that Maria Morfesis was substantially similar in identity to, or an alter ago of Andonis Morfesis. Additionally, a balancing of the equities shows no harm to Dominion absent consolidation, and no benefit to Dominion with consolidation. Movant has presented no evidence of any benefits of consolidation that would outweigh Ms. Morfesis' due process rights. Based on the aforementioned reasons, movants' cross motion for substantive consolidation is denied. The claim for non dischargeability will proceed to trial.

Counsel for Ms. Morfesis shall submit an appropriate order on notice within ten days of the date hereof.