

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2007

# In Re: Lisanti Foods

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3912

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Lisanti Foods " (2007). *2007 Decisions*. Paper 634.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/634

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3912

———

IN RE: LISANTI FOODS INC.;
LISANTI FOODS OF TEXAS, INC.;
LISANTI FOODS OF ARIZONA, INC.

JOSEPH M. LISANTI, JR.; ROSEMARIE LISANTI; LISANTI REALTY OF
ARIZONA, INC.; LISANTI REALTY CORP; LISANTI ENTERPRISES, LLC; TEXAS
TRUCKING CORP.; JL TRUCKING, LLC; NEW JERSEY TRUCKING CORP.;
ARIZONA FREIGHT HAULERS, INC.,

Appellants.

———

On Appeal from the United States District Court
for the District of New Jersey
(04-cv-03868)
District Judge: Honorable John C. Lifland

———

Submitted pursuant to Third Circuit LAR 34.1(a)
June 28, 2007

Before: BARRY, FUENTES and GARTH, Circuit Judges.

———

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

In this bankruptcy appeal, appellants argue that the Bankruptcy Court erred in "substantively consolidating" three debtors in confirming a bankruptcy plan. Applying the standard laid out in In re: Morfesis, 270 B.R. 28 (Bankr. D.N.J. 2001), the Bankruptcy Court concluded that the debtors could be consolidated on account of their "substantial identity." The District Court affirmed. After we decided In re: Owens Corning, 419 F.3d 195 (3d Cir. 2005), articulating our standard for substantive consolidation, the District Court reconsidered the issue, and concluded that consolidation was still appropriate. We will affirm.

**I.**

Substantive consolidation is a "construct of federal common law" that "'treats separate legal entities as if they were merged into a single survivor with all the cumulative assets and liabilities.'" Owens Corning, 419 F.3d at 205 (quoting Genesis Health Ventures, Inc. v. Stapleton (In re Genesis Health Ventures, Inc.), 402 F.3d 416, 423 (3d Cir. 2005)). In this case, the Bankruptcy Court confirmed a liquidation plan proposing to substantively consolidate three debtors (former wholesale distributors of Italian specialty

food products) into a single entity for subsequent distribution to creditors.  (A-108)  In approving consolidation, the Court considered, <u>inter alia</u>, "whether there is a substantial identity between the entities to be consolidated."  (A-604)[1]

In making its determination, the Court heard testimony from two witnesses, which, in the Court's view, established substantial identity among the debtors.  Specifically, these witnesses testified that "all three debtors have the same officers, same directors and shareholders.  They conducted the same general business operations under very similar names. . . . [I]ntercompany dealings were done without the usual corporate formalities. . . . [Moreover,] the debtors did not charge each other for all services which they rendered to one another" (A-604) and they were "moving profits between and among the debtors." (A-605)  The witnesses also testified that "for the purposes of . . . secured lending, the debtors were viewed as a single entity," and that "the unsecured creditors likewise viewed the debtors as a single entity when extending credit terms."  (A-605-06)  Relying on this testimony, the Bankruptcy Court held that, "through the witnesses, the proponents have established that both debtors *and creditors* viewed the debtors as a single enterprise." (A-606 (emphasis added))

## II.

In this appeal, appellants challenge whether the Bankruptcy Court's findings are

---

[1] The Court also considered whether consolidation would benefit or harm creditors, concluding that the benefits of consolidation would heavily outweigh any harm to a creditor.

sufficient to support substantive consolidation under the standard articulated in In re: Owens Corning, 419 F.3d 195 (3d Cir. 2005), a decision we announced after the Bankruptcy Court rendered its decision. Under Owens Corning, a proponent of substantive consolidation must demonstrate one of two rationales for its application: "that (i) prepetition [the entities for whom substantive consolidation is sought] disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity, or (ii) postpetition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors." 419 F.3d at 211.

The application of Owens Corning was directly at issue before the District Court, which, in a thorough and carefully reasoned opinion, concluded that "the evidence presented in the bankruptcy hearings . . . provides ample support for granting substantive consolidation under the first prong (creditor reliance on pre-petition disregard of separateness) of the newly articulated Owens Corning standard." (SA20-21) We fully agree with this conclusion. The findings of the Bankruptcy Court, which may only be disturbed if clearly erroneous, In re: Am. Pad & Paper Co., 478 F.3d 546, 551 (3d Cir. 2007), comfortably support a conclusion that the "creditors relied on the breakdown of entity borders and treated them as one legal entity," Owens Corning, 419 F.3d at 211. As the District Court recognized, "[a]lthough the Bankruptcy Court used creditors' reliance on Debtor unity as evidence of 'substantial identity,' it also speaks directly to, and

-4-

satisfies, the first prong of the <u>Owens Corning</u> test." (SA21)

Therefore, and for substantially the reasons set forth in the District Court's opinion, we will affirm.