## In re ROYAL CROWN BOTTLING COMPANY OF BOAZ, INC., Debtor.

### Bankruptcy No. 80–02433.

United States Bankruptcy Court,
N.D. Alabama.

Jan. 10, 1983.

Robert W. Hanson, Albertville, Ala., for debtor.

Milton G. Garrett, Birmingham, Ala., trustee.

## ORDER ON MOTION TO CONSOLIDATE ESTATES

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction—*

This is a case which was filed in, and is now pending before, this Court, under Chapter 7, Title 11, United States Code.

Upon the issuance by the clerk of a notice to creditors of the filing of a final report by the trustee of requests for compensation and the allowance of expenses and of the proposed distribution by the bankruptcy trustee of the remaining funds from liquidation of the debtor's estate, five creditors objected and filed a joint motion to have the Court consolidate this debtor's estate with the bankrupt estate of *Royal Crown Bottlers of North Alabama, Inc.,* Case No. 80–02431.

The motion for consolidation has been argued to the Court by the attorney for the five creditors and by the trustee, and each has submitted a short brief. By consent of the trustee, who opposes this motion, the Court has considered pages 38 through 49 of a transcript of testimony given November 17, 1981, in adversary proceeding No. AP 81–0765, in the other case, as requested by these creditors' attorney.

*Findings of Fact—*

The bankruptcy judge finds the facts to be as follows:

1. The two debtors are related corporations, there being a substantial identity of management between them.

2. The other debtor primarily provided warehousing and distribution for soft drinks bottled by this debtor, which was primarily a soft-drink bottler.

3. The funds of the two corporations were substantially mingled for at least the last three or four months of their operations prior to bankruptcy.

*Conclusions by the Court—*

If it is assumed, as contended by counsel for these creditors and as is indicated by comparing the notices of the proposed final distribution in each case, that the claimants in the present case will fair poorly compared to those in the other case unless the two estates are consolidated, there does not appear to be a sufficient ground for doing so. There is no direct evidence that any funds now held by the trustee in one case are traceable to funds generated by the corporation in the other case or to the liquidation of any asset obtained with such funds or any asset obtained from the other corporation. There is no record before the Court of the course of transfers of funds or assets between the two corporations. Apparently transfers between them were mainly limited to funds and bottled soft drinks.

The question of consolidation affects all creditors in each case. It contemplates pouring all funds from each case into a single bowl and then serving each creditor therefrom on a pro rata basis. A substantial burden rests upon the movants to show that this should be done, rather than by inference.

If it appeared to the Court likely that the cases should be consolidated, a rehearing would be ordered by the Court, for a general notice of this matter was not given to all creditors in each case, and that would be required.

The appropriateness of granting the motion to consolidate is further open to question as to its timeliness. Should it not have been made at an early stage of the liquidation of these estates, so that these creditors could not be said to have gambled on the outcome?

*Order of the Court—*

The movants not having sustained their motion to consolidate these cases, it is ORDERED by the Court that the motion is denied, that their objections to the proposed final distribution of funds is overruled, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the creditors' attorney, the trustee, the debtor's attorney, and the United States trustee.