**624**

In re TREMONT PLACE REALTY TRUST, Debtor.

BOSTON VALUATION GROUP, INC., Downtown Donuts Company, Harron & Associates, Knapp Schenck, McNamara Salvia, Otis & Ahearn, and Max Goren, Plaintiffs,

v.

E. Jackson HALL, Thomas Piatt, and James Piatt, As they are the General Partners of Tremont One Limited Partnership, and Stewart F. Grossman, Trustee of Tremont Place Realty Trust, Defendants.

Bankruptcy No. 89–12027–CJK.
Adv. No. A92–1341.

United States Bankruptcy Court, D. Massachusetts.

Aug. 12, 1993.

Vincent J. Piscegna.

Timothy M. Mauser.

Stewart F. Grossman, Trustee.

## MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

CAROL J. KENNER, Bankruptcy Judge.

Defendant Stewart S. Grossman, as he is Trustee in Bankruptcy of Tremont Place Realty Trust, has moved for summary judgment. The Plaintiffs have not responded to the motion. The Plaintiffs are creditors of Tremont One Limited Partnership. By their complaint in this adversary proceeding, they seek an order substantively consolidating Tremont One Limited Partnership and the Debtor, Tremont Place Realty Trust, such that the two would constitute a single debtor in bankruptcy, or, in the alternative, an order dismissing the bankruptcy case of Tremont Place Realty Trust on the ground that the Debtor, being a realty trust, is not eligible to be a debtor under the Bankruptcy Code. In his answer and by his motion for summary judgment, the Trustee asserts the affirmative defense of laches, arguing that the complaint should be dismissed because, if it were permitted to go forward, the estate would be prejudiced by the Plaintiffs' inexcusable delay in bringing this action.

The defense is well-founded. "Under the doctrine of laches, a right is lost if one unreasonably delays in the assertion of that right to the prejudice of the other party." *In re Halmar Distributors, Inc.,* 116 B.R. 328, 335 (Bankr.D.Mass. 1990) and cases cited. The Debtor commenced this bankruptcy case by filing a petition under Chapter 11 of the Bankruptcy Code on July 19, 1989. Defendant Stuart Grossman was appointed Chapter 11

Trustee in the case on September 25, 1989, and the case was converted to one under Chapter 7 of the Bankruptcy Code on May 29, 1990. The Plaintiffs commenced this action only on May 28, 1992, by which time the case was nearly three years old and the Trustee's administration of the estate was nearing completion. Before the Plaintiffs filed their complaint, the Trustee had liquidated the estate's assets, recovered preferences, objected to claims and litigated such objections, and he was preparing the distribution to creditors. Dismissal of this adversary proceeding would cause not only the undoing of three years of effort and litigation but also serious confusion among hundreds of parties regarding their rights and obligations. Substantive consolidation, too, would cause this kind of confusion, and it would delay the distribution to creditors and the closing of this case by years.[1] Because of the effect that motions to consolidate and to dismiss have on the course of a case, they must be made early or not at all. Especially where the Plaintiffs do not challenge the factual allegations on which this motion is founded, the Court concludes that there are no genuine issues of material fact, that the Plaintiffs' complaint is barred by the doctrine of laches, and that judgment should enter for the Defendants as a matter of law.

## ORDER

For the reasons set forth above, the Motion of Defendant Stewart F. Grossman, Trustee of Tremont Place Realty Trust, for Summary Judgment is hereby ALLOWED. Judgment shall enter for the Defendants.

## JUDGMENT

The Court having allowed the Motion of Defendant Stewart S. Grossman, Trustee in Bankruptcy of Tremont Place Realty Trust, for Summary Judgment,

It is hereby ORDERED and ADJUDGED that the Plaintiffs take nothing and that

this adversary proceeding be and hereby is DISMISSED ON THE MERITS.

---

1. Moreover, substantive consolidation requires notice to the creditors of both entities; the Trustee can be said to represent the creditors of the Debtor, but the Court has no indication that all the creditors of the Partnership have all been given notice of this proceeding.