In re AAPC, INC., Debtor.

United States of America, Plaintiff,

v.

AAPC, Inc., an active Utah corporation; AAPC, Inc., a dissolved Utah corporation; American Academy of Professional Coders, Inc., an active Utah corporation; American Academy of Procedural Coders, Inc., a dissolved Utah corporation; George H. Speciale, as Trustee for the Chapter 11 Estate of AAPC, Inc., an active Utah corporation; Lan C. England; Terrill Curtis; Compact Classics, Inc., and Retail Systems International, Inc., Defendants.

Bankruptcy No. 00–33726 GEC.
Adversary No. 01P–2099GEC.

United States Bankruptcy Court,
D. Utah.

March 15, 2002.

Adam S. Affleck, Prince Yeates & Geldzahler, Salt Lake City, UT, David K. Broadbent, Holland & Hart, Salt Lake City, UT, Craig T. Jacobsen, Callister Nebeker & McCullough, Salt Lake City, UT, for Medical Tower Noteholders Partnership.

Bryan W. Cannon, Sandy, UT, for Old West Annuity and Capital Assets.

Joel T. Marker, McKay Burton & Thurman, Salt Lake City, UT, for Capital Assets Financial Services.

Anna W. Drake, Salt Lake City, UT, for Terrill Curtis.

Weston L. Harris, Parsons Davies Kinghorn & Peters, Salt Lake City, UT, Larry G. Moore, Ray Quinney & Nebeker, Salt

Lake City, UT, for Washington Mutual Bank.

Mark H. Howard, US Attorney's Office, Salt Lake City, UT, for IRS.

Peter J. Kuhn, Salt Lake City, UT, for United States Trustee.

R. Mont McDowell, McDowell & Gillman, Salt Lake City, UT, for George H. Speciale.

Chris L. Schmutz, Schmutz Mohlman & Rohbock, Bountiful, UT, for AAPC, Inc., Salt Lake City, UT.

Paul M. Warner, Salt Lake City, UT, for United States of America.

Kim R. Wilson, Snow Christensen & Martineau, Salt Lake City, UT, for Ford Motor Credit and Toyota Motor Credit Corp.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT AND ESTABLISHING DEADLINES TO AMEND AND SERVE COMPLAINT

GLEN E. CLARK, Chief Judge.

This matter came before the Court on November 13, 2001, at 11:00 a.m., on the Motion to Dismiss this adversary proceeding pursuant to Bankruptcy Rule 7012 and Fed.R.Civ.P. 12(b)(1) and (6) filed by Old West Annuity and Life Insurance Company ("Old West"). Joel T. Marker of McKay, Burton & Thurman appeared in behalf of Old West; Christopher H. La Rosa and Mark H. Howard appeared in behalf of the United States of America (the "Government"); Donald B. Rohbock of Schmutz, Mohlman & Rohbook appeared in behalf of AAPC, Inc. (the "Debtor"); David J. Hardy of Kirton &

McConkie appeared in behalf of the American Academy of Professional Coders, Inc. ("Professional Coders") and the American Academy of Procedural Coders, Inc. ("Procedural Coders"); Anna W. Drake appeared in behalf of Terrill Curtis ("Curtis"); Mont McDowell of McDowell & Gillman appeared in behalf of George Speciale ("Speciale"), the Chapter 11 Trustee; and David K. Broadbent of Holland & Hart appeared in behalf of Medical Towers Noteholders Partnership ("Noteholders"). During the hearing, the Government supplemented its response with thirty-seven exhibits which were admitted into evidence. As such, the Court will treat Old West's Motion to Dismiss as a Motion for Summary Judgment. *Dean Witter Reynolds, Inc. v. Howsam,* 261 F.3d 956 (10th Cir.2001) (If the court, on a Rule 12(b) motion, looks to matters outside the complaint, it generally must convert the Rule 12(b) motion into a Rule 56 motion for summary judgment).

### Facts

1. The Debtor, an active corporation organized under the laws of the State of Utah, filed for bankruptcy protection under Chapter 11 with this Court on November 29, 2000.

2. Speciale is the Trustee of the Debtor's Chapter 11 bankruptcy estate.

3. AAPC, Inc., a dissolved corporation ("AAPC Dissolved"), is a dissolved corporation that was organized under the laws of the State of Utah.

4. Professional Coders is a corporation organized under the laws of the State of Utah that maintains its principal place of business in Salt Lake City, Utah.

5. Procedural Coders is a dissolved corporation that was organized under the laws of the State of Utah. During its existence, Procedural Coders maintained its principal place of business in Salt Lake City, Utah.

6. Lan C. England ("England") is an individual who resides in the State of Utah.

7. Curtis is an individual who resides in the State of Utah.

8. Compact Classics, Inc. ("Compact Classics") is a dissolved corporation that was organized under the laws of the State of Utah. During its existence, Compact Classics maintained its principal place of business in Salt Lake City, Utah.

9. Retail Systems International, Inc. ("Retail Systems") is a dissolved corporation that was organized under the laws of the State of Utah. During its existence, Retail Systems maintained its principal place of business in Salt Lake City, Utah.

10. Noteholders is a creditor in the Debtor's bankruptcy case.

11. Old West is a creditor in the Debtor's bankruptcy case, having filed two separate claims. Both claims purport to be secured by real property.

12. On December 22, 2000, the Government filed a proof of claim against the Debtor's estate in the total amount of $3,432,007.59 for unmade payments required under the Federal Insurance Contributions Act, the Federal Unemployment Act, withheld employee income taxes, and corporate income taxes. Of that amount, $1,252,007.50 purports to be secured by filed Notices of Federal Tax Lien, while the remaining $2,090,000.00 is an unsecured priority claim.

13. On April 12, 2001, the Government brought this adversary proceeding seeking to substantively consolidate Procedural Coders, Professional Coders, and AAPC Dissolved, into the Chapter 11 bankruptcy proceeding of the Debtor corporation *nunc pro tunc*[1] to November 29, 2000.

14. The certificate of service for the Government's complaint shows service of the summons and complaint on fifty-one persons including each of the original named defendants.

15. On August 21, 2001, the Court ordered that the Clerk of Court accept the Government's First Amended Complaint as filed. The amended complaint, among other things, added Speciale, England, Curtis, Compact Classics and Retail Systems as defendants to the adversary proceeding.

16. The Government filed two certificates of service regarding the First Amended Complaint. The first certified that a copy of the summons and First Amended Complaint was served on the defendants, the "Division of Corp. Director," and the Utah State Tax Commission. The second certified that a copy of the summons and First Amended Complaint was served on the same parties named in the first certificate at additional addresses.

17. There is no evidence that creditors of England, Curtis, Compact Clas-

1. For purposes of this motion, the Court will use the term *"nunc pro tunc"* although the more appropriate term is *"post facto." See In re Albrecht,* 233 F.3d 1258, 1260 n. 4 (10th Cir.2000).

sics and Retail Systems have ever been provided notice of this adversary proceeding, or that creditors of the original defendants have ever been given notice of the amended complaint.

18. On October 5, 2001, Old West filed its Motion to Dismiss the adversary proceeding arguing, among other things, that *nunc pro tunc* relief cannot be used with an order substantively consolidating cases and that the Court lacks subject matter jurisdiction to substantively consolidate non-debtor individuals and entities with an existing debtor.

### Nunc Pro Tunc

■■■ The Government seeks an order that consolidates the defendants *nunc pro tunc* to November 29, 2000, the date that the Debtor filed its voluntary petition in this Court. The Government argues that an order of consolidation *nunc pro tunc* to November 29, 2000, would merely confirm that all of the defendants are a single entity and have been subject to the Court's jurisdiction since the petition date. The Government's argument fails for two reasons: (1) An order may be entered *nunc pro tunc* to make the record speak the truth, but it cannot act as an order which in fact was not previously made. *See Crosby v. Mills*, 413 F.2d 1273 (10th Cir. 1969); and (2) A lack of jurisdiction cannot be corrected by an order *nunc pro tunc*. *W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir. 2001). On November 29, 2000, the Debtor filed its voluntary petition in this Court. None of the other defendants have filed a bankruptcy petition in this Court, nor has an involuntary petition been commenced against any of the non-debtor defendants.

■■■ On November 29, 2000, this Court had jurisdiction over the Debtor, but lacked jurisdiction over the other defen-

dants. *See* 28 U.S.C. § 1334. The Court cannot now issue an order *nunc pro tunc* to create jurisdiction where none existed. The only proper purpose of a *nunc pro tunc* order is to correct a mistake in the records. A *nunc pro tunc* order cannot be used to rewrite history. *See id.* at 1172.

### Due Process

■■■ Substantive consolidation involves the pooling of assets and liabilities of two or more related entities; the liabilities of the entities are then satisfied from the common pool of assets created by the consolidation. *See Eastgroup Properties v. Southern Motel Ass'n, Ltd.*, 935 F.2d 245 (11th Cir.1991). An order consolidating multiple entities into one has the potential to dramatically affect the rights of the entities' creditors. Consolidation should be ordered reluctantly and only after affording notice and an opportunity to be heard to all those whose rights may be affected by the order.

> Courts have been reluctant to consolidate related corporations due to the possibility of creating an unfair program from the standpoint of creditors who have dealt with a corporation having a surplus or who have dealt solely with one debtor without knowledge of there being a relationship with others. *In the Matter of Gulfco Inv. Corp.*, 593 F.2d 921, 928 (10th Cir.1979).

There is no evidence that creditors of the non-debtor entities have been given notice of the Government's First Amended Complaint or notice of the hearings conducted in this adversary proceeding. Because creditors' rights may be affected, they must be given notice and an opportunity to be heard regarding consolidation. To proceed otherwise would deny creditors their right to due process. Generally, due process requires "notice reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Due process requirements apply equally to bankruptcy proceedings. *See Bank of Marin v. England*, 385 U.S. 99, 102, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *Turney v. Federal Deposit Ins. Corp.*, 18 F.3d 865 (10th Cir.1994). Because their rights may be affected by consolidation, the Court finds that creditors of the defendants are "parties in interest" within the meaning of 11 U.S.C. § 1109 and must be afforded notice and an opportunity to be heard in this matter.[2] Accordingly, the Government must provide notice of its First Amended Complaint and the Court's Order Governing Scheduling and Preliminary Matters to all creditors of the defendants in this adversary proceeding.

### *Pleading Special Matters in Accordance With Bankruptcy Rule 7009 and Fed.R.Civ.P. 9*

■■■■■ Consolidation has been used primarily to avoid fraud or injustice, but not for the purpose of promoting either or both. *See Gulfco*, 593 F.2d at 928. The facts contained in the amended complaint, even viewed in the light most favorable to the Government, do not allege a sufficient factual basis to support consolidation of the eight non-debtor defendants into the Debtor's bankruptcy proceeding. For example, the only specific facts alleged by the Government to support consolidation

of Curtis's personal assets and liabilities into the Debtor's corporate bankruptcy proceeding are that: (1) Curtis served on the board of directors of AAPC Active and Professional Coders; (2) Curtis (through England) executed certain financing statements; (3) Curtis used office space located at 145 West Crystal Avenue, Salt Lake City, Utah; and (4) Curtis used office space located at 2144 S. Highland Drive, Salt Lake City, Utah. The complaint lacks the specificity and breadth of factual allegations necessary for a court to base an order substantively consolidating two individuals and six corporate entities into a single corporate bankruptcy proceeding. Because the amended complaint sounds in fraud,[3] the allegations must be stated with particularity in order to afford defendants fair notice of the Government's claim and the factual ground upon which it is based. Fed.R.Civ.P. 9(b) safeguards a defendant's reputation and good will from improvident charges of wrongdoing and should be rigorously enforced. *See Ross v. Bolton*, 904 F.2d 819 (2nd Cir.1990). Where multiple defendants are involved, the complaint must contain factual grounds that are separately and specifically alleged against each of the defendants. *See Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771 (7th Cir.1994). Here, where the factual allegations found in the amended complaint provide the only link to this Court's purported jurisdiction over the eight non-debtor defendants, the requirements of Rule 9(b) are particularly important. *See Cayman Exploration Corp. v. United Gas*

---

**2.** Pursuant to § 102(3), the word "including" is not a limiting term, and therefore, "party in interest" is not confined to the list of examples provided in section 1109(b). *In re Alpex Computer Corp.*, 71 F.3d 353 (10th Cir.1995).

**3.** Rule 9(b) does not require a general express allegation of fraud in which the word fraud is used categorically. Instead, it merely requires that the circumstances constituting

fraud shall be pleaded with particularity. *See Nolan Bros., Inc. v. United States*, 266 F.2d 143 (10th Cir.1959). Courts do not hesitate to dismiss a complaint where the plaintiff has failed to allege with particularity circumstances that could justify an inference of fraud under Rule 9(b). *See Grossman v. Novell, Inc.*, 120 F.3d 1112 (10th Cir.1997).

*Pipe Line Co.*, 873 F.2d 1357 (10th Cir. 1989). Accordingly, the Government must amend its complaint to comply with the requirements of Bankruptcy Rule 7009(b) and Federal Rule of Civil Procedure 9(b) as to each of the defendants.

### Consolidation of Non–Debtor Defendants into a Corporate Bankruptcy Proceeding

The Court will reserve ruling on Old West's jurisdictional argument pending the Government's amendment of its complaint. At such time as the Government complies with the terms of this Order, Old West may renew its motion for summary judgment with respect to that issue. If a renewed motion is filed, the Court seeks input from the parties concerning the issue of how and under what circumstances the provisions and safeguards of a specific statute such as 11 U.S.C. § 303 may be defeated by a general statute such as 11 U.S.C. § 105 for purposes of consolidating a non-debtor individual into a corporate bankruptcy. *See, e.g., Radzanower v. Touche Ross*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976); *In re Gledhill*, 76 F.3d 1070 (10th Cir.1996).

Accordingly, it is hereby

ORDERED that Old West's motion for summary judgment is granted as it pertains to that portion of the Government's prayer seeking an order *nunc pro tunc;* and it is further

ORDERED that the Government shall have thirty days from this Order to amend its complaint to plead, with specific and separate allegations, facts which support substantive consolidation of the Debtor and the separate defendants into a single bankruptcy proceeding; and it is further

ORDERED that the Government shall have thirty days from this Order to serve notice on all creditors of its amended complaint and the Court's scheduling order; and it is further

ORDERED that in the event the Government fails to timely comply with the above, this adversary proceeding will be dismissed upon Old West's filing of an affidavit and proposed order of dismissal.