**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE MARDIROS HAIG MIHRANIAN, *Debtor.* | No. 17-60090 |
| | Agency No. 17-1048 |
| SAM S. LESLIE, Chapter 7 Trustee, *Appellant*, | |
| v. | OPINION |
| HAIG LEO MIHRANIAN; MICHAEL MIHRANIAN; SUSAN CHOBANIAN; TAKOUHIE BARTAMIAN; MEDICAL CLINIC AND SURGICAL SPECIALTIES OF GLENDALE, INC., *Appellees.* | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Spraker, and Alston, Bankruptcy Judges, Presiding

Argued and Submitted August 13, 2019
Pasadena, California

Filed September 9, 2019

Before:  Mary M. Schroeder and Susan P. Graber, Circuit
Judges, and Michael H. Watson,[*] District Judge.

Opinion by Judge Watson

**SUMMARY**[**]

**Bankruptcy**

The panel affirmed a decision of the Bankruptcy
Appellate Panel affirming the bankruptcy court's denial of a
Chapter 7 trustee's motion to substantively consolidate a
debtor's estate with the estates of various non-debtors.

The panel held that a party moving for substantive
consolidation must give notice of the motion to creditors of
a putative consolidated non-debtor.  Because no such notice
was given, the panel affirmed.

[*] The Honorable Michael H. Watson, United States District Judge for
the Southern District of Ohio, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

**COUNSEL**

Robert M. Aronson (argued), Law Office of Robert M. Aronson APC, Los Angeles, California, for Appellant.

David B. Golubchik (argued) and John-Patrick M. Fritz, Levene Neale Bender Yoo & Brill LLP, Los Angeles, California, for Appellees.

**OPINION**

WATSON, District Judge:

Sam S. Leslie, the Chapter 7 Trustee, appeals the decision of the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") affirming the bankruptcy court's denial of a motion to substantively consolidate ("SubCon Motion") Debtor Mardiros Mihranian's estate with the estates of various non-debtors. We affirm.

Beyond the Debtor, the pertinent parties in this case, whom we collectively refer to as the "Non-Debtors," include Debtor's ex-wife, Susan Chobanian; Debtor's and Susan's two sons, Michael and Haig Mihranian; Debtor's medical business, Medical Clinic and Surgical Specialties of Glendale, Inc. ("MCSSG"); and MCSSG's long-time office manager, Takouhie Bartamian. Two years after Debtor initiated his bankruptcy case, Trustee filed separate adversary actions to recover fraudulent transfers allegedly made to Susan, Haig, Michael, and Bartamian. Adv. No. 2:15-ap-01667-BR (Susan); Adv. No. 2:15-ap-01668-BR (Haig); Adv. No. 2:15-ap-01666-BR (Michael); Adv. No. 2:15-ap-01665-BR (Bartamian). While the adversary actions were pending,

Trustee filed the SubCon Motion in the bankruptcy action, seeking to substantively consolidate Debtor's estates with the estates of Susan, Haig, Michael, Bartamian, and MCSSG. Essentially, Trustee sought the same relief—recovery of Debtor's assets that allegedly were kept from judgment creditors through fraudulent transfers—in both the adversary actions and through the SubCon Motion. After permitting Trustee to amend the complaints in the adversary actions three times, the bankruptcy court granted the adversary defendants' motions to dismiss for failure to establish that Debtor was the initial transferor of the alleged fraudulent transfers, and those dismissals were upheld on appeal.

Later, the bankruptcy court denied the SubCon Motion, providing its reasoning on the record at the hearing. During the hearing, the bankruptcy court asked Trustee's counsel several times whether he had given notice of the SubCon Motion to Non-Debtors' creditors. Additionally, the bankruptcy court concluded that the information Trustee needed to disentangle Debtor's assets from MCSSG's or Susan's assets was likely available through proper discovery, which Debtor had not sought to obtain until after the SubCon Motion was filed. Accordingly, the bankruptcy court concluded that Trustee had not proved that Debtor's assets were entangled with Non-Debtors' assets to such an extent as would justify substantive consolidation.

Trustee appealed the denial to the BAP, which affirmed because Trustee failed to serve the SubCon Motion on Non-Debtors' creditors. *Leslie v. Mihranian (In re Mihranian)*, No. CC-17-1048-KuSA, 2017 WL 6003345, at *1 (B.A.P. 9th Cir. Dec. 4, 2017). Trustee appeals to us, arguing that the law does not require a moving party to give notice of a SubCon Motion to a putative consolidated non-debtor's creditors and

that, even if such notice is required, he provided the requisite notice.[1]

"On appeal this court reviews decisions of the BAP *de novo*, and thus reviews the bankruptcy court's decision under the same standards used by the BAP." *Gaughan v. Edward Dittlof Revocable Tr. (In re Costas)*, 555 F.3d 790, 792 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, we review *de novo* the BAP's legal conclusion that Non-Debtors' creditors should have received notice of the SubCon Motion and an opportunity to be heard.

Substantive consolidation is not provided for in the Bankruptcy Code but is considered a general equitable power of bankruptcy courts. *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 763 (9th Cir. 2000). We explained the concept and history of substantive consolidation in *In re Bonham*:

> Orders of substantive consolidation combine the assets and liabilities of separate and distinct—but related—legal entities into a single pool and treat them as though they belong to a single entity. Substantive consolidation enables a bankruptcy court to disregard separate corporate entities . . . in order to reach assets for the satisfaction of debts of a related corporation. The consolidated assets create a single fund from

---

[1] Trustee also argues that the bankruptcy court clearly erred in failing to find entanglement sufficient to warrant substantive consolidation on the merits. Because we hold that notice of a SubCon Motion must be given to Non-Debtors' creditors and that such notice was not given in this case, we need not reach this argument.

> which all claims against the consolidated
> debtors are satisfied . . . .  Without the check
> of substantive consolidation, debtors could
> insulate money through transfers among inter-
> company shell corporations with impunity.

*Id.* at 764 (internal quotation marks and citations omitted).
Many courts, including this court, permit the substantive
consolidation of both debtor and non-debtor entities. *See id.*
at 765. The sole aim of substantive consolidation is "fairness
to all creditors." *Id.* (internal quotation marks omitted). We
have adopted the Second Circuit's two-pronged test for
substantive consolidation,[2] but we have not yet determined
whether a party moving for substantive consolidation must
give notice of the motion to creditors of a putative
consolidated non-debtor. Several considerations support such
a notice requirement.

First, caselaw in this circuit regarding consolidation of
two or more debtors' estates supports extending a notice
requirement to a putative consolidated non-debtor's creditors,
who should be afforded just as much—if not more—notice as
a putative consolidated debtor's creditors. *See Withers v.
White (In re Foley)*, 4 F.2d 154, 157 (9th Cir. 1925)
(modifying an order consolidating the estates of two debtors
after a majority concluded that "no such adjudication should
[have been] made without first giving the creditors their day
in court"). In other circuits, most courts that have addressed

---

[2] Under this test, substantive consolidation is appropriate if either:
"(1) . . . creditors dealt with the entities as a single economic unit and did
not rely on their separate identity in extending credit; or (2) . . . the affairs
of the debtor are so entangled that consolidation will benefit all creditors."
*In re Bonham*, 229 F.3d at at 766 (internal quotation marks omitted).

this issue require giving notice to a non-debtor's creditors prior to substantive consolidation. *See, e.g.*, *SE Prop. Holdings, LLC v. Stewart (In re Stewart)*, 571 B.R. 460, 473 (Bankr. W.D. Okla. 2017); *Mukamal v. Ark Capital Grp., LLC (In re Kodsi)*, No. 13-40134-LMI, 2015 WL 222493, at *2 (Bankr. S.D. Fla. Jan. 14, 2015); *Fid. & Deposit Co. of Md. v. U.S. Bank N.A. (In re Kimball Hill, Inc.)*, No. 13 C 07146, 2014 WL 5615650, at *4 (N.D. Ill. Nov. 4, 2014); *United States v. AAPC, Inc. (In re AAPC, Inc.)*, 277 B.R. 785, 789 (Bankr. D. Utah 2002); *Raslavich v. Ira S. Davis Storage Co. (In re Ira S. Davis, Inc.)*, No. 93-0530S, 1993 WL 384501, at *4 (E.D. Pa. Sept. 22, 1993); *Boston Valuation Grp., Inc. v. Hall (In re Tremont Place Realty Tr.)*, 159 B.R. 624, 625 n.1 (Bankr. D. Mass. 1993); *Morse Operations, Inc. v. Robins Le-Cocq, Inc. (In re Lease-A-Fleet, Inc.)*, 141 B.R. 869, 873 (Bankr. E.D. Pa. 1992); *In re Julien Co.*, 120 B.R. 930, 935 (W.D. Tenn. 1990); *In re Royal Crown Bottling Co. of Boaz, Inc.*, 26 B.R. 451, 452 (Bankr. N.D. Ala. 1983); *cf. Audette v. Kasemir (In re Concepts Am., Inc.)*, No. 14 B 34232, 2018 WL 2085615, at *3 (Bankr. N.D. Ill. May 3, 2018); *Yaquinto v. Ward (In re Ward)*, 558 B.R. 771, 799–800 (Bankr. N.D. Texas 2016); *In re Global Ocean Carriers Ltd.*, 251 B.R. 31, 34 (Bankr. D. Del. 2000). Although several cases outside this circuit have affirmed substantive consolidation without requiring separate notice to the putative consolidated entity's creditors, *see Farmers & Traders State Bank of Meredosia v. Magill (In re Meredosia Harbor & Fleeting Serv., Inc.)*, 545 F.2d 583, 589 (7th Cir. 1976); *Simon v. New Ctr. Hosp. (In re New Ctr. Hosp.)*, 187 B.R. 560, 566 (E.D. Mich. 1995); *In re Baker & Getty Fin. Servs., Inc.*, 78 B.R. 139, 143 (N.D. Ohio 1987), that

approach is the "minority view."**[3]**  *Kapila v. S&G Fin. Servs, LLC (In re S&G Fin. Servs. of S. Fla., Inc.)*, 451 B.R. 573, 585 n.14 (Bankr. S.D. Fla. 2011).

Second, if substantive consolidation is an equitable order the "sole aim" of which is "fairness to all creditors," *In re Bonham*, 229 F.3d at 765 (internal quotation marks and citations omitted), then notice and an opportunity to be heard must be given to creditors of the putative consolidated parties—whose claims would be equitably distributed under the consolidation order—and not just to the consolidated parties themselves.  That way, the bankruptcy court can hear from any objecting creditor before issuing its decision on consolidation and can ensure that the consolidation truly is fair to all affected creditors.

Third, and in the same vein, substantive consolidation "seriously . . . 'affects the substantive rights of the creditors of the different estates.'"  *Id.* at 762 (quoting Adv. Ctte. Note to Bankr. R. 1015).  It is logical to require that notice be given to the actual parties whose substantive rights will be "seriously affected" by the order so that they have an opportunity to be heard.

Fourth, the first prong of the *In re Bonham* test essentially requires notice to the putative consolidated parties' creditors, not just the putative consolidated parties.  Under that prong, substantive consolidation is warranted where creditors dealt with the debtor and non-debtors as a single economic unit.

---

**[3]** Moreover, in those cases, the creditors were either functionally on notice by being present at the consolidation hearing (*Meredosia*), the creditors were unable to avoid consolidation (*New Ctr. Hosp.*), or due process was eventually provided (*Baker & Getty*).

The burden-shifting test for this prong places the burden on an objecting creditor to overcome a presumption that it did *not* rely on the separate credit of the putative consolidated entities. *Id.* at 767 (citing *Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp.)*, 810 F.2d 270, 276 (D.C. Cir. 1987)). A creditor must be given notice of the motion for substantive consolidation and an opportunity to be heard in order to meet its burden of overcoming the presumption.

For all of these reasons, the BAP correctly concluded that a party moving for substantive consolidation must provide notice of the motion to the creditors of a putative consolidated non-debtor.

In this case, no such notice was given. We reject Trustee's argument that he provided notice to the same extent as was provided in *In re Bonham*. In that case, the defendants in the adversary actions, who were given notice of the motion for substantive consolidation, were the creditors of the putative consolidated parties; here, the notified parties were the putative consolidated parties themselves, not their creditors. Trustee's assertion that he provided the same notice as was given in *In re Bonham* therefore fails.

Moreover, a review of the record reveals that the BAP did not clearly err in concluding that Trustee failed to adequately research and serve Non-Debtors' creditors. Instead, Trustee relied on knowledge of MCSSG's and Susan's creditors that was several years old. He admitted that he did not know or ask whether Bartamian had any creditors and simply assumed from one of her bank statements that her only creditor was the owner of her mortgage. Michael's and Haig's creditors were not discussed at the hearing on the SubCon Motion, and there is no evidence in the record concerning any attempts Trustee

may have made to discover Haig's or Michael's creditors.
Trustee thus failed to show that he adequately researched the
identity of, and provided notice to, Non-Debtors' creditors.

**AFFIRMED**.